**SIGNED.**

**Dated: September 20, 2010**



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:                                         ) Chapter 13
                                               )
LARRY GENE PORTER and DEBORA                   ) No. 4:10-bk-12565-JMM
DENISE PORTER,                                 )
                                               ) **MEMORANDUM OPINION**
                            Debtors.           )
_____               )

        Before the court is an issue regarding the valuation of a residential property located at 1945 North Camino Real, Casa Grande, Arizona 85122 (ECF No. 16). The court heard from two witnesses, both appraisers. The opinions varied widely. Mr. May valued the residence at $112,000. Ms. Schneider valued the same property at $170,000.

        The first position lien is in favor of Fidelity National Bank in the amount of $115,190.32 (*see* Proof of Claim No. 1). The junior lien is in favor of Pinal County Federal Credit Union ("PCFCU") for $99,268.

        The Debtors seek to "strip off" the PCFCU junior lien, contending that it is wholly unsecured. Whether they can do so is entirely dependent upon their proving that the property is worth less than the first lien. *See* 11 U.S.C. § 506. If the value of the property exceeds the amount of the first lien, even if only slightly, the PCFCU second lien may not be stripped, and remains on the property up to its full value. 11 U.S.C. § 1322(b)(2); *Nobleman v. Am. Sav. Bank*, 113 S.Ct. 2106 (1993).

It is unusual that competent appraisers are this far apart on a property this mundane. Considering all of the evidence, the court notes that although it may not "pick a number" between the range testified to, it is not convinced that the property's value falls below the amount of the first lien. After all, Mr. May's appraisal is only $3,000 below the first lien balance. At the same time, while the court may have fair concern that the value is as high as $170,000, it must first find that the evidence, based on comparables, places the value closer to the $170,000 figure than the $112,000 figure. Thus, for purposes of this decision, that means that the court must accept the $170,000 value. The court was unpersuaded that the value was as low as $112,000.

To accept the $112,000 value, which is so close to the $115,190 first lien, is simply too close to accurately measure. Opinions of value are, after all, simply that--opinions. To deprive a secured creditor of its bargained-for lien on a margin this small requires that a debtor carry its burden of proof. The court feels that the margin for error for this type of an opinion, of only about 2.5%, is too close to call with any measure of accuracy to do justice. The court must therefore take the conservative approach.

Thus, failing in their burden of proof, the court finds on the evidence that the property's value is $170,000, and therefore, the PCFCU lien may not be stripped.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Ross K. Meiners, Attorney for Debtors

Howard Chorost, Attorney for Pinal County Federal Credit Union

Dianne C. Kerns, Trustee

Office of the U.S. Trustee